# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | Cr. I.D. No. 92006336DI |
| | ) | |
| ANDRE JOHNSON, | ) | |
| Defendant. | ) | |

Final Submission: October 13, 2015
Decided: October 26, 2015

### *Order Upon Defendant's Motion to Amend Rule 61*
### GRANTED

This matter is before the Court upon Defendants' Motion to Amend his Motion for Postconviction Relief filed on October 5, 2015, and the response of the State in opposition to Defendant's Motion. The Court has considered the Superior Court Rules of Criminal Procedure; the facts, arguments, and legal authorities set forth in the Motion and opposition.

The Court finds as follows:

1. On May 12, 1994, following a trial by jury, Defendant was found guilty of two counts of Burglary Second Degree, two counts of Conspiracy Second Degree, two counts of Felony Theft, Theft of a Firearm, Carrying a Concealed Deadly Weapon, Possession of a Deadly Weapon by a Person Prohibited, Disregarding a Red Light, and Resisting Arrest.

2. On July 1, 1994, Defendant was declared an habitual offender and sentenced to mandatory life imprisonment pursuant to 11 *Del. C.* § 4214(b).[1]

3. Defendant filed a Notice of Appeal with the Delaware Supreme Court on July 25, 1994. On May 4, 1995, Defendant voluntarily dismissed his appeal after waiving his right to counsel for his appeal.

4. On April 23, 2008, Defendant filed a Motion for Modification of Sentence as a self-represented litigant, which was denied by Order dated May 21, 2008. On December 11, 2008, the Delaware Supreme Court affirmed the Order.

5. On March 5, 2012, Defendant filed a Writ of Mandamus with the Delaware Supreme Court, which was dismissed by Order dated March 29, 2012.

6. On August 12, 2013, Defendant filed his first Motion for Postconviction Relief ("PCR Motion") as a self-represented litigant pursuant to Rule 61. On October 24, 2013, John Barber was appointed as counsel for Defendant's Postconviction Relief proceedings. After Barber discovered a conflict with representing Defendant, Christopher Koyste was appointed as counsel for

---

[1] 11 *Del. C.* § 4214(b) provides:

> Any person who has been 2 times convicted of a felony or an attempt to commit a felony hereinafter specifically named, under the laws of this State, and/or any other state, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony hereinafter specifically named, or an attempt to commit such specific felony, is declared to be an habitual criminal, and the court in which such third or subsequent conviction is had, in imposing sentence, shall impose a life sentence upon the person so convicted unless the subsequent felony conviction requires or allows and results in the imposition of capital punishment.

Defendant ("Rule 61 Counsel"). With the assistance of Rule 61 Counsel, Defendant filed an Amended Motion for Postconviction Relief on March 16, 2015 ("Amended PCR Motion").[2] The State filed a response opposing Defendant's motion on August 13, 2015.

7. The motion before this Court is Defendant's Motion to Amend his PCR Motion filed on October 5, 2015, and the State's opposition filed on October 13, 2015.

8. Pursuant to Superior Court Rule 61(b)(6), a motion for postconviction relief "may be amended as a matter of course at any time before a response is filed or thereafter by leave of court, which shall be freely given when justice so requires." A motion under this rule is addressed at the discretion of the court.[3] Because the State has filed a response to Defendant's Motion for Postconviction Relief, Defendant is not entitled to amend his motion "as a matter of course." Instead, Defendant must demonstrate that "justice so requires" the Court grant leave to amend his motion.

9. In Defendant's Amended PCR Motion, Defendant presents two grounds for postconviction relief. First, Defendant argues that his constitutional rights

---

[2] Because the State had not yet responded to Defendant's PCR Motion, Defendant was entitled to amend his motion "as a matter of course." *See* Super. Ct. Crim. R. 61(b)(6).

[3] *State v. Brokenbrough*, 2008 WL 1891705, at *1 (Del. Super. Apr. 30, 2008) *aff'd*, 962 A.2d 916 (Del. 2008); *State v. Hammons*, 2003 WL 23274833, at *3 (Del. Super. Dec. 29, 2003).

were violated when the trial court denied Defendant the right to proceed as a self-represented litigant and without the assistance of counsel for his trial. Second, Defendant contends that his trial counsel was ineffective for failing to protect Defendant's right to represent himself.

10. In Defendant's present motion before the Court, Defendant does not raise new grounds for relief. Instead, Defendant requests expansion of his claims for postconviction relief based on information that was available but that Rule 61 Counsel did not obtain before filing Defendant's Amended PCR Motion. By Rule 61 Counsel's own admission, Rule 61 Counsel failed to request the transcript from a February 4, 1994 pre-trial hearing regarding Defendant's ability to represent himself. At the conclusion of this hearing, the trial court denied Defendant's request to proceed as a self-represented litigant.

11. Because the trial court denied Defendant's request to represent himself at the 1994 hearing and Defendant's postconviction relief claims allege constitutional violations related to such denial, this Court is granting the Defendant leave to amend his PCR Motion. In addition, because Defendant is serving a life sentence the Court concludes he is entitled to present each issue which Rule 61 Counsel has concluded is meritorious.

12. It is within this Court's discretion not to issue a decision on the merits of Defendant's PCR Motion until the motion complies with the technical

4

requirements of Rule 61(b)(2).[4]  As such, Defendant is instructed to resubmit a Second Amended Rule 61 Motion for Postconviction Relief setting forth all of his claims for postconviction relief for the Court's consideration.

13. In the interest of judicial economy, Rule 61 Counsel and the State shall each file briefs with the Court that are self-contained and do not require reference by the Court to various previously filed briefs.

14. The revised briefing schedule is as follows:

Defendant's Amended Motion: December 15, 2016

State's Response: February 5, 2016

Defendant's Reply: March 11, 2016.

**NOW, THEREFORE, this 26th day of October, 2015, Defendants' Motion to Amend his Motion for Postconviction Relief is hereby GRANTED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

[4] *See* Super. Ct. Crim. R. 61(b)(2) ("The motion shall specify all the grounds for relief which are available to the movant and of which the movant has or, by the exercise of reasonable diligence, should have knowledge, and shall set forth in summary form the facts supporting each of the grounds thus specified.").